JOHN BEAUDRY v. FRANK DUQUETTE.[1]

May 13, 1904.

Nos. 13,833—(28).

**Evidence.**

Certain witnesses upon the question of the market value of ties and poles at the place of delivery were properly qualified, and their testimony competent.

**Charge to Jury.**

The court did not err in instructing the jury that, if they should find the contract to be as claimed by defendant, he was under legal obligations to show good faith and fair dealing in disposing of and accounting for the materials delivered to him.

**Verdict.**

The evidence was sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for Pine county, Crosby, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Robert C. Saunders* and *W. M. Steele,* for appellant.

*H. S. Lord,* for respondent.

LEWIS, J.

Action to recover the purchase price of 7,700 cedar and tamarack ties and 2,242 cedar posts, alleged to have been sold and delivered by plaintiff to defendant. Defendant denied that he had purchased the ties, and pleaded as a counterclaim that he entered into an agreement with plaintiff to advance the necessary money to pay plaintiff's labor bills, and furnish him with the necessary camp supplies to carry on the business of cutting and delivering; that in consideration thereof, plaintiff agreed to deliver to defendant, as security, all merchantable ties and cedar timber cut by him, and that defendant had sold, and applied upon account, all of the material delivered, but that there was still a balance remaining due from plaintiff. At the trial each party introduced evidence tending to support his claim, and the court instructed the jury to determine what the fact was, and, if they should find the

[1] Reported in 99 N. W. 635.

contract to be as claimed by plaintiff, to bring in a verdict for the reasonable value of the material delivered and sold, but that, if they should find the contract to be as alleged by defendant, then plaintiff would only be entitled to recover the amount of money defendant received from the poles and ties. A verdict was returned for plaintiff for $1,951.68.

1. Witness Goodell testified on behalf of plaintiff as an expert on timber values, stating that he was engaged in buying and selling poles every winter, and that he knew the current prices and the market price in 1901, and gave the value of poles, differing according to their length and size. The evidence was objected to upon the ground that no foundation had been laid, and that there was no evidence of the value at Kerrick, where the property was delivered. The objection was not well taken. The reasonable inference from his testimony was that he knew the current prices at the place where the timber was delivered, and, being engaged in the business, the court was justified in holding him qualified as a witness. The same may be said of the witness Wardruff, who had been seventeen years in the cedar timber business, and was familiar with the price of such material in that country, including Kerrick.

2. There was evidence reasonably tending to support plaintiff's theory of the case. While somewhat indefinite as to the time the contract was originally entered into, plaintiff testified specifically that he had sold to defendant all the ties and poles he had taken out during the winter, and was to be paid therefor at the market price. Plaintiff was evidently an illiterate man, with very little knowledge of dates, and there were some possible contradictions in his testimony, but the court correctly submitted the question of ownership to the jury. The poles and ties were not definitely described as to size and quality, but enough was shown to justify the verdict.

3. In the course of the court's instructions, the following language was used:

> If the ties and poles were not sold to the defendant, but were delivered to him to be sold by him for the plaintiff, and he exercised good faith, fair dealing, in the disposition of these ties and poles, he is under legal obligation to account for every dollar that he received.

It is claimed that the court unnecessarily inferred that defendant was unfair, and that there was no evidence in the record upon which to base any charge of bad faith, and that the jury were prejudiced thereby. The exception is not well taken. The defendant's explanation of the amounts received for the ties and the credits of and sale of ties and poles as charged upon the books against defendant for supplies and cash furnished, were of such indefinite character that they were certainly open to investigation, and it was for the jury to say, from the whole evidence, whether or not defendant had rendered a true account, and the court very properly called the attention of the jury to the fact that, if they should find the contract as alleged by defendant, then he was called upon to exercise good faith and fair dealing in making a sale of the material and in rendering an account thereof. This did not imply nor intimate to the jury that the court entertained the view that defendant was unfair. It simply notified the jury that defendant was required to render a just account.

From a consideration of all the evidence, we are satisfied that the trial court was justified in submitting the questions of fact to the jury, and that the verdict is sustained by the evidence, and that there were no errors in any of the rulings.

Order affirmed.